Douglas R. Hookland, OSB No. 872583
drh@scott-hookland.com
Scott ◆ Hookland LLP
9185 SW Burnham
Tigard, OR 97223
P.O. Box 23414
Tigard, OR 97281-3414
(503) 620-4540

Attorneys For Use Plaintiff and
Third-Party Plaintiff Consolidated
Electrical Distributors, Inc., dba CED Power

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC., a Delaware corporation, dba CED POWER, | Case No. 3:18-cv-01905-SB<br><br>THIRD-PARTY COMPLAINT |
| Plaintiff, | |
| vs. | |
| NOVA GROUP, INC., a California corporation; FEDERAL INSURANCE COMPANY, an Indiana corporation; and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation, | |
| Defendants, | |
| /// | |

Page 1 - THIRD-PARTY COMPLAINT

EXHIBIT A
PAGE 1 OF 22

UNITED STATES OF AMERICA for the
use and benefit of CONSOLIDATED
ELECTRICAL DISTRIBUTORS, INC., a
Delaware corporation, dba CED POWER,

                    Third-Party Plaintiff,

    vs.

INDUSTRIAL ELECTRIC MFG., INC., a
suspended California entity; and RESOURCE
ENGINEERING PRODUCTS, LLC, an
Oregon limited liability company,

                    Third-Party Defendants.

Plaintiff and third-party plaintiff allege:

### JURISDICTION

1.      This action arises under, and the Court has jurisdiction of this action pursuant to, the
"Miller Act," 40 U.S.C. §270b.  This action is brought under the name of the United States of
America for the use and benefit of Consolidated Electrical Distributors, Inc., dba CED Power.

### PARTIES

2.      The use plaintiff and third-party plaintiff, Consolidated Electrical Distributors, Inc.
("CED"), is a Delaware corporation and is authorized to transact business in Oregon as a foreign
corporation and does transact business in Oregon under the registered assumed business name of
CED Power.

3.      Defendant Nova Group, Inc. ("Nova") is a California corporation authorized to
transact business in Oregon as a foreign corporation.

Page 2 - THIRD-PARTY COMPLAINT

EXHIBIT A
PAGE 2 OF 22

4.      Defendant Federal Insurance Company ("Federal") is an Indiana corporation authorized to transact surety business in the State of Oregon.

5.      Defendant Liberty Mutual Insurance Company ("Liberty") is a Massachusetts corporation authorized to transact surety business in the State of Oregon.

6.      Third-party defendant Industrial Electric Mfg., Inc. ("IEM") is a suspended California entity.

7.      Third-party defendant Resource Engineering Products, LLC ("REP") is an Oregon limited liability company.

<u>GENERAL ALLEGATIONS</u>

8.      On or about November 14, 2014, Nova entered into a written contract, No. W9127N-15-C-0002, with the United States of America, by and through the U.S. Army Corps of Engineers, for the replacement at Bonneville Lock & Dam of the Bonneville Powerhouse One Main Unit Circuit Breaker & Instrument Transformer ("Project").  The locations at which the work of the Project was to be performed are within the State of Oregon in or near Multnomah County.  Prior to and through December 11, 2017, CED furnished materials to the Project at the request of Nova and pursuant to agreement with Nova.  CED purchased such materials from IEM and REP pursuant to agreements with each.

9.      In its Complaint in this action ("Complaint"), CED alleges claims for (a) Miller Act Bond Claim against all defendants, and (b) breach of contract against Nova (on account, breach of contract, and quantum meruit) to recover sums owed to CED for materials furnished to the Project.

Page 3 - THIRD-PARTY COMPLAINT

EXHIBIT A
PAGE 3 OF 22

All claims by CED in the Complaint shall be referred to herein as "Claims".  A copy of the Complaint is attached hereto and incorporated herein as Exhibit "A".  In its answer to the Complaint ("Answer"), Nova asserts counterclaims against CED for breach of contract/indemnity and breach of warranty (collectively "Counterclaims").  A copy of the Answer is attached hereto and incorporated herein as Exhibit "B".

10.     CED wholly denies all the allegations in the Counterclaims, and alleges that Nova is not entitled to any setoff against the Claims or affirmative relief against CED.  However, to the extent Nova is entitled to any setoff or affirmative relief on its Counterclaims, IEM and REP are liable to CED for all or part of the Counterclaims, and any relief granted thereunder, as set forth below.

FIRST THIRD-PARTY CLAIM FOR RELIEF

(Breach of Contract)

For its First Third-Party Claim for Relief, against IEM and REP, CED alleges:

11.     Incorporates by reference and realleges paragraphs 1 through 10 above.

12.     Both IEM and REP breached their contracts with CED by failing to (a) furnish materials that satisfied the Project specifications, and/or (b) furnish materials timely.  CED is entitled to recover from IEM and REP all damages, including setoffs, that Nova is entitled to pursuant to its Counterclaims.  By contract, CED is also entitled to recover from IEM and REP its reasonable attorney fees incurred in defending against the Counterclaims and asserting this third-party claim and in asserting and pursuing to final judgment this third-party claim.

Page 4 - THIRD-PARTY COMPLAINT

**SCOTT ◆ HOOKLAND LLP**
L A W Y E R S
Mailing Address: Post Office Box 23414, Tigard, Oregon 97281 ◆ Street Address: 9185 SW Burnham, Tigard, Oregon 97223
Telephone: 503-620-4540 ◆ Facsimile: 503-620-4315

EXHIBIT A
PAGE 4 OF 22

## SECOND THIRD-PARTY CLAIM FOR RELIEF

### (Indemnity)

For its <u>Second Third-Party Claim for Relief</u>, against IEM and REP, CED alleges:

13.    Incorporates by reference and realleges paragraphs 1 through 10 above.

14.    Between CED and IEM or REP, as the initial suppliers of the materials, IEM and REP are primarily liable for the Counterclaims, and so must fully indemnify CED for the Counterclaims, including but not limited to for any setoff achieved by Nova on the Counterclaims. The indemnity obligations of IEM and REP include paying for CED's reasonable attorney fees incurred to defend the Counterclaims.

## THIRD THIRD-PARTY CLAIM FOR RELIEF

### (Contribution)

For its <u>Third Third-Party Claim for Relief</u>, against IEM and REP, CED alleges:

15.    Incorporates by reference and realleges paragraphs 1 through 10 above.

16.    IEM and REP agreed to provide CED with materials that complied with the Project's specifications and schedule. To the extent Nova prevails on its Counterclaims, IEM and REP must each pay CED, by way of contribution, their share of the liability on the Counterclaims, including but not limited to for any setoff of the Claims to which Nova is awarded. This contribution obligation includes paying for CED's reasonable attorney fees incurred to defend the Counterclaims.

### PRAYER

1.    On its <u>First Third-Party Claim For Relief</u>, Consolidated Electrical Distributors, Inc.,

**SCOTT ◆ HOOKLAND LLP**
L A W Y E R S
Mailing Address: Post Office Box 23414, Tigard, Oregon 97281 ◆ Street Address: 9185 SW Burnham, Tigard, Oregon 97223
Telephone: 503-620-4540 ◆ Facsimile: 503-620-4315

EXHIBIT A
PAGE 5 OF 22

dba CED Power, requests that judgment be entered in its favor against defendants Industrial Electric

Mfg., Inc. and Resource Engineering Products, LLC, to the extent of each of their responsibilities

for the Counterclaims in an amount to be proven at trial, plus plaintiff's reasonable attorney fees and

costs and disbursements incurred herein.

       2.      On its <u>Second Third-Party Claim For Relief</u>, Consolidated Electrical Distributors,

Inc., dba CED Power, requests that judgment be entered in its favor and against defendants Industrial

Electric Mfg., Inc. and Resource Engineering Products, LLC, to the extent of each of their

responsibilities for the Counterclaims in an amount to be proven at trial, plus plaintiff's reasonable

attorney fees incurred to defend the Counterclaims, plus its costs and disbursements herein;

       3.      On its <u>Third Third-Party Claim For Relief</u>, Consolidated Electrical Distributors, Inc.,

dba CED Power, requests that judgment be entered in its favor and against defendants Industrial

Electric Mfg., Inc. and Resource Engineering Products, LLC, to the extent of each of their

responsibilities for the Counterclaims in an amount to be proven at trial, plus plaintiff's reasonable

attorney fees incurred to defend the Counterclaims, plus its costs and disbursements herein;

       4.      For such other relief as the court deems just and equitable.

DATED this _____ day of January, 2019.

SCOTT ◆ HOOKLAND LLP

_____
Douglas R. Hookland, OSB #872583
drh@scott-hookland.com
Of Attorneys for Use Plaintiff and Third-Party
Plaintiff Consolidated Electrical Distributors, Inc.,
dba CED Power

Page 6 - THIRD-PARTY COMPLAINT

EXHIBIT A
PAGE 6 OF 22

1  Douglas R. Hookland, OSB No. 872583
2  drh@scott-hookland.com
3  Scott ◆ Hookland LLP
4  9185 SW Burnham
5  Tigard, OR 97223
6  P.O. Box 23414
7  Tigard, OR 97281-3414
8  (503) 620-4540

9  Attorneys For Use Plaintiff Consolidated
10 Electrical Distributors, Inc., dba CED Power


11
12              IN THE UNITED STATES DISTRICT COURT

13                  FOR THE DISTRICT OF OREGON

14                      PORTLAND DIVISION

15  UNITED STATES OF AMERICA for the    | Case No.
16  use and benefit of CONSOLIDATED     |
17  ELECTRICAL DISTRIBUTORS, INC., a    | COMPLAINT
18  Delaware corporation, dba CED POWER, |

19              Plaintiff,

20      vs.

21  NOVA GROUP, INC., a California
22  corporation; FEDERAL INSURANCE
23  COMPANY, an Indiana corporation; and
24  LIBERTY MUTUAL INSURANCE
25  COMPANY, a Massachusetts corporation,

26              Defendants.

27  ///


Page 1 - COMPLAINT

**SCOTT ◆ HOOKLAND LLP**
L A W Y E R S
Mailing Address: Post Office Box 23414, Tigard, Oregon 97281 ◆ Street Address: 9185 SW Burnham, Tigard, Oregon 97223
Telephone: 503-620-4540 ◆ Facsimile: 503-620-4315

1     Plaintiff alleges:

2     <u>JURISDICTION</u>

3     1.    This action arises under, and the Court has jurisdiction of this action pursuant to, the

4     "Miller Act," 40 U.S.C. §270b.  This action is brought under the name of the United States of

5     America for the use and benefit of Consolidated Electrical Distributors, Inc., dba CED Power.

6     <u>PARTIES</u>

7     2.    The use plaintiff, Consolidated Electrical Distributors, Inc. ("CED"), is a Delaware

8     corporation and is authorized to transact business in Oregon as a foreign corporation and does

9     transact business in Oregon under the registered assumed business name of CED Power.

10     3.    Defendant Nova Group, Inc. ("Nova") is a California corporation authorized to

11     transact business in Oregon as a foreign corporation.

12     4.    Defendant Federal Insurance Company ("Federal") is an Indiana corporation

13     authorized to transact surety business in the State of Oregon.

14     5.    Defendant Liberty Mutual Insurance Company ("Liberty") is a Massachusetts

15     corporation authorized to transact surety business in the State of Oregon.

16     <u>FIRST CLAIM FOR RELIEF</u>

17     (Miller Act Bond Claim)

18     For its <u>First Claim For Relief</u> against all defendants, CED alleges:

19     6.    CED incorporates by reference and realleges paragraphs 1 through 5 above.

20     7.    On or about November 14, 2014, Nova entered into a written contract, No. W9127N-

21     15-C-0002, with the United States of America, by and through the U.S. Army Corps of Engineers,

Page 2 - COMPLAINT

**SCOTT ◆ HOOKLAND LLP**
L A W Y E R S
Mailing Address: Post Office Box 23414, Tigard, Oregon 97281 ◆ Street Address: 9185 SW Burnham, Tigard, Oregon 97223
Telephone: 503-620-4540 ◆ Facsimile: 503-620-4315

1    for the replacement at Bonneville Lock & Dam of the Bonneville Powerhouse One Main Unit Circuit

2    Breaker & Instrument Transformer ("Project").  The locations at which the work of the Project was

3    to be performed are within the State of Oregon in or near Multnomah County.  The amount of the

4    contract exceeds $100,000.00.

5        8.       On or about November 17, 2014, Nova as principal, and Federal and Liberty as

6    sureties, executed a bond ("Bond") in compliance with 40 USC §270(a)(2) for the protection of all

7    persons supplying labor and materials in furtherance of the Project.  The Bond has at all material

8    times been in full force and effect.

9        9.       Prior to and through December 11, 2017, CED furnished materials to the Project at

10    the request of Nova and pursuant to agreement with Nova.  CED's materials were actually used upon

11    the Project.

12        10.      After deduction of all just credits and offsets, the total principal balance owed to CED

13    by Nova for materials furnished by CED in connection with the Project is the principal amount of

14    $424,935.20.  Despite demand by CED for payment, none of the defendants have paid any part of

15    the balance.

16        11.      In accordance with the provisions of the Bond and the Miller Act, Nova as principal

17    and Federal and Liberty as sureties, are jointly and severally liable to CED for the principal balance

18    of $424,935.20, plus accrued interest pursuant to statute and/or contract, and CED's attorney fees

19    pursuant to contract.

20        12.      At the time this action is commenced, more than 90 days and less than one year has

21    ///

Page 3 - COMPLAINT

**SCOTT ◆ HOOKLAND LLP**
L A W Y E R S
Mailing Address: Post Office Box 23414, Tigard, Oregon 97281 ◆ Street Address: 9185 SW Burnham, Tigard, Oregon 97223
Telephone: 503-620-4540 ◆ Facsimile: 503-620-4315



1    elapsed from the last date on which CED furnished materials on the Project for which this claim is

2    made.

3         13.    CED is entitled to prejudgment interest on the principal balance of $424,935.20 at

4    the rate(s) provided for by statute or agreement.

5         14.    CED is entitled to recover its reasonable attorney fees pursuant to contract and

6    pursuant to the terms of ORS 742.061.

7    SECOND CLAIM FOR RELIEF

8    COUNT ONE

9    (On Account)

10        For its <u>Second Claim For Relief</u>, against defendant Nova, Count One, CED alleges as

11   follows:

12        15.    Incorporates by reference and realleges paragraphs 2 and 3 above.

13        16.    Defendant Nova is indebted to CED in the principal sum of $424,935.20, together

14   with interest thereon at the rate pursuant to contract or statute from the dates due until paid, for the

15   balance of account for materials supplied, the particulars of which are set forth on Exhibit "A",

16   attached hereto and incorporated by this reference herein, together with the credits to which

17   defendant Nova is entitled, leaving due and unpaid the above-mentioned sum, to wit:

18             (a)    The sum of $424,935.20, together with interest thereon at the rate pursuant
19                    to contract or statute from the dates due until paid.

20        17.    Defendant Nova's agreement with CED provides further that Nova will pay CED's

21   attorney fees incurred in the collection of its account. CED is entitled to its reasonable attorney fees

Page 4 - COMPLAINT

**SCOTT ◆ HOOKLAND LLP**
L A W Y E R S
Mailing Address: Post Office Box 23414, Tigard, Oregon 97281 ◆ Street Address: 9185 SW Burnham, Tigard, Oregon 97223
Telephone: 503-620-4540 ◆ Facsimile: 503-620-4315



1    incurred herein pursuant to the agreement.

2         18.    Plaintiff performed all conditions precedent on its part to be performed.  Defendant

3    Nova has not paid said sum or any part thereof.

4                                 COUNT TWO

5                             (Breach of Contract)

6         For an alternative statement of its <u>Second Claim For Relief</u> against defendant Nova, CED

7    alleges:

8         19.    Incorporates by reference and realleges paragraphs 2 and 3 above.

9         20.    CED and Nova entered into an agreement whereby CED agreed to provide to Nova

10   materials upon Nova's request, and Nova agreed to pay for the materials.

11        21.    CED performed all conditions precedent on its part to be performed, including

12   providing the materials to Nova upon its request.

13        22.    Defendant Nova materially breached said agreement by failing to pay the charges for

14   materials.

15        23.    As the direct and proximate result of Nova's breach, CED has been damaged in the

16   total principal sum of $424,935.20, together with interest thereon at the rate pursuant to contract or

17   statute from the dates due until paid.

18        24.    Defendant Nova has failed to pay said sums or any part thereof.  Pursuant to the terms

19   of the agreement, CED is entitled to its reasonable attorney fees.

20   ///

21   ///

Page 5 - COMPLAINT

**SCOTT ◆ HOOKLAND LLP**
L A W Y E R S
Mailing Address: Post Office Box 23414, Tigard, Oregon 97281 ◆ Street Address: 9185 SW Burnham, Tigard, Oregon 97223
Telephone: 503-620-4540 ◆ Facsimile: 503-620-4315

Exhibit A
Page 5 of 8

EXHIBIT A
PAGE 11 OF 22

COUNT THREE

(Quantum Meruit)

For an alternative statement of its <u>Second Claim For Relief</u> against defendant Nova, CED alleges:

25.    Incorporates by reference and realleges paragraphs 2 and 3 above.

26.    CED provided materials to Nova in the State of Oregon at the request of Nova, and Nova is indebted to CED for the reasonable value of such materials, which is $424,935.20.

27.    The amount, type, and quality of such materials were reasonable.   Nova has failed to pay the amount of $424,935.20 or any part thereof.

PRAYER

1.    On its <u>First Claim For Relief</u>, Consolidated Electrical Distributors, Inc., dba CED Power requests that judgment be entered in its favor against defendants Nova Group, Inc., Federal Insurance Company, and Liberty Mutual Insurance Company, jointly and severally, in the principal amount of $424,395.20, plus accrued interest pursuant to statute and/or contract from the dates due until paid, and CED's reasonable attorney fees, and costs and disbursements.

2.    On its <u>Second Claim For Relief</u>, Count One, Consolidated Electrical Distributors, Inc., dba CED Power requests that judgment be entered in its favor and against defendant Nova Group, Inc. in the principal amount of $424,395.20, together with interest at the rate pursuant to contract or statute from the dates due until paid, and for its attorney fees and costs and disbursements herein;

3.    In the alternative to Count One above, on its <u>Second Claim For Relief</u>, Second Count,

Page 6 - COMPLAINT

**SCOTT ◆ HOOKLAND LLP**
L A W Y E R S
Mailing Address: Post Office Box 23414, Tigard, Oregon 97281 ◆ Street Address: 9185 SW Burnham, Tigard, Oregon 97223
Telephone: 503-620-4540 ◆ Facsimile: 503-620-4315

Exhibit A
Page 6 of 8

EXHIBIT A
PAGE 12 OF 22

1    Consolidated Electrical Distributors, Inc., dba CED Power requests that judgment be entered in its

2    favor and against defendant Nova Group, Inc. in the principal amount of $424,395.20, together with

3    interest at the rate pursuant to contract or statute from the dates due until paid, on the principal

4    balance ($424,395.20) until paid, and for its attorney fees and costs and disbursements herein.

5         4.    In the alternative to Counts One and Two above, on its <u>Second Claim For Relief</u>,

6    Third Count, Consolidated Electrical Distributors, Inc., dba CED Power requests that judgment be

7    entered in its favor and against defendant Nova Group, Inc. in the principal amount of $424,395.20,

8    together with interest at the rate of 9% per annum from December 29, 2017 until paid, and for its

9    costs and disbursements herein.

10    DATED this 31 day of October, 2018.

11                                    SCOTT ◆ HOOKLAND LLP

12                                    _____
13                                    Douglas R. Hookland, OSB #872583
14                                    drh@scott-hookland.com
15                                    Of Attorneys for Use Plaintiff Consolidated
16                                    Electrical Distributors, Inc., dba CED Power

Page 7 - COMPLAINT

<u>SCOTT ◆ HOOKLAND LLP</u>
L A W Y E R S
Mailing Address: Post Office Box 23414, Tigard, Oregon 97281 ◆ Street Address: 9185 SW Burnham, Tigard, Oregon 97223
Telephone: 503-620-4540 ◆ Facsimile: 503-620-4315

*** h... NOT REPRESENT ALL UNPAID ITEMS ***

STATEMENT                                                    Page 1

**Please remit to:**
CONSOLIDATED ELECTRICAL DISTRIBUTORS
P.O. Box 847068
Los Angeles, CA  90084-7068

| Location | Account | Date |
|---|---|---|
| 5501 | NC60829 | 09/17/2018 |

Refer to invoices for taxes.  A
Service Charge will be made for
Past Due Accounts.

Please check off the invoices
you are paying and send a copy
of this statement along with your
remittance to the address
printed above.

NOVA GROUP
BONNEVILLE DAM - 6.1MIL
P.O. BOX 4050
NAPA, CA  94558

| Age | Date | Code | Reference | Customer PO# | Discount | Amount |
|---|---|---|---|---|---|---|
| 90+ | 10/25/2017 |  | 407011 | 1404PO002 |  | 1,157,040.00 |
| 90+ | 10/25/2017 | CSR | 924688 | ON ACCT ACH PMT 2/13/18 |  | 908,788.00- |
| 90+ | 10/25/2017 | CSR | 954256 | PP 407011 |  | 531,952.80- |
| 90+ | 12/29/2017 |  | 407217 | 1404PO002 |  | 708,636.00 |

| Total Due | Current | Past Due | Past Due | Past Due |
|---|---|---|---|---|
| 424,935.20 | 0.00 | 0.00 | 0.00 | 424,935.20 |
| Pay This Amount | 1 - 30 | 31 - 60 | 61 - 90 | Over 90 |

Exhibit A
Page 8 of 8

CDC=Disc Chargeback    CQR=Correction    CRM=Credit Memo    CSR=Cash Rec'vd    FRT=Freight    NSF=NSF Check    SVC=Service Charge    TAX=Tax

EXHIBIT A
PAGE 4 OF 22

EXHIBIT A
PAGE 1 OF 1

Dan Gragg, OSB 96066
Andrew MacKendrick, OSB 141022
SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP
121 SW Morrison Street, Suite 1025
Portland, OR  97204
Email: gragg@seifer-yeats.com
      amm@seifer-yeats.com
Telephone: (503) 223-6740
Facsimile: (503) 223-9564

Attorneys For Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC., a Delaware corporation, dba CED POWER, <br><br>           Plaintiff, <br><br>    vs. <br><br> NOVA GROUP, INC., a California corporation; FEDERAL INSURANCE COMPANY, an Indiana corporation; and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation, <br><br>           Defendants. | Case No. 3:18-cv-01905-SB <br><br> **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** |

Pursuant to Federal Rules of Civil Procedure, Rule 12, Defendants Nova Group, Inc.

("Nova"), Federal Insurance Company ("Federal"), and Liberty Mutual Insurance Company

("Liberty") (collectively "Defendants"), through undersigned counsel, submit their Answer,

EXHIBIT A
PAGE 15 OF 22

Affirmative Defenses, and Counterclaim to Plaintiff Consolidated Electrical Distributors, Inc. as follows:

## JURISDICTION

1. Paragraph 1 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

## PARTIES

2. Defendants are without sufficient knowledge to affirm or deny the allegations in paragraph 2; therefore, Defendants deny the same.

3. Admitted.

4. Admitted.

5. Admitted

## FIRST CLAIM FOR RELIEF

### (Miller Act Bond Claim Against All Defendants)

6. Admitted or denied as previously set forth herein.

7. Admitted.

8. Admit that Nova as principal, and Federal and Liberty as sureties, executed a bond (the "Bond") in compliance with 40 USC §270(a)(2) for the protection of all persons supplying labor and material in the prosecution of the work provided for in the contract between the US Army Corps of Engineers (the "Corps") and Nova (the "Contract"), solicitation No. W9127N-14-R-0031-0010 (the "Project"), deny as to the remainder.

9. Admit that Plaintiff furnished materials to the Project and that some of said materials were installed at the Project, and that some of the materials were rejected by the Corps. Deny as to the remainder.

10. Denied.



EXHIBIT A
PAGE 16 OF 22

11. Paragraph 11 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the same.

12. Defendants are without sufficient knowledge to affirm or deny the allegations in paragraph 12; therefore, Defendants deny the same.

13. Paragraph 13 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the same.

14. Paragraph 14 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the same.

## SECOND CLAIM FOR RELIEF

### COUNT ONE
(On Account Against Nova)

15. Admitted or denied as previously set forth herein.

16. Denied.

17. Denied.

18. Denied.

### COUNT TWO
(Breach of Contract Against Nova)

19. Admitted or denied as previously set forth herein.

20. Admit that Nova and Plaintiff entered into a written purchase order (the "P.O.") for the furnishing of certain materials and that upon full and timely compliance with all of the terms and conditions of the P.O. that Nova would make payment to Plaintiff in accordance with the terms of the P.O., deny as to the remainder.

21. Denied.

22. Denied.

23. Denied.



EXHIBIT A
PAGE 17 OF 22

24. Denied.

## COUNT THREE
(Quantum Meruit Against Nova)

25. Admitted or denied as previously set forth herein.

26. Nova admits that admits that Plaintiff furnished materials in the State of Oregon. Nova denies the remaining allegations in paragraph 26.

27. Denied.

28. To the extent not expressly admitted above, Defendants deny each and every allegation in Plaintiff's Complaint in their entirety.

## **AFFIRMATIVE DEFENSES**

29. All materials and equipment furnished by Plaintiff are expressly subject to the inspection and approval of Nova, the Corps, and any other entity so indicated in the Contract. At present, the Corps has provided notice that it has rejected materials furnished by Plaintiff.

30. All materials and equipment furnished by Plaintiff are expressly required to meet and conform to the plans and specifications of the Contract, including all amendments, drawings, conditions and addenda and modifications to date (the "Contract Documents"). The Corps asserts that some or all of the materials and equipment furnished by Plaintiff fail to conform to the Contract Documents.

31. Any defective item which does not comply with the Contract may, at Plaintiff's risk and expense, either be returned to Plaintiff or disposed of by Nova for Plaintiff's account without prejudice to Nova's claim for damage or loss under the P.O. Unless the Corps accepts and pays for materials furnished by Plaintiff, Nova reserves the right to reject and return or dispose of said materials at Plaintiff's expense and risk and without prejudice to Nova's rights and remedies under the P.O.

EXHIBIT A
PAGE 18 OF 22

32. To the extent that Plaintiff has suffered damages, the damages were caused in whole or in part by Plaintiff's failure to perform its contractual obligations, Plaintiff's negligent acts or omissions, and/or the acts or omissions of third parties over whom Defendants had/have no control and for whose acts and omissions Defendants are not legally liable.

33. Nova is entitled to withhold amounts otherwise due Plaintiff, and offset the costs that Nova has incurred because of and/or caused by Plaintiff.

34. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or laches.

35. Plaintiff failed to mitigate its damages, if any.

36. Plaintiff failed to file suit within the time prescribed by statute, thereby barring Plaintiff's claims.

37. Defendant sureties' liability, if any, is limited by the penal sum of the bond.

38. The acts and conduct of Plaintiff and/or third parties exonerated the performance and payment bonds which were allegedly issued for the Project which is the subject of this action.

39. Any failure of Defendants to perform the obligations described in the Complaint resulted from Plaintiff's failure to perform its obligations in a timely, proper, competent, and complete manner, and that performance on Plaintiff's part of this obligation was a condition precedent to the performance of Defendants' obligations, if any.

40. If Defendants assumed any obligations under the Bond as alleged in Plaintiff's Complaint, then any failure on the part of Defendants to perform the obligations under the Bond resulted from Plaintiff's prior breach of contract, excusing Defendants' performance.

41. Plaintiff failed to satisfy all conditions and requirements of the P.O.

42. Defendants reserve the right to add to, amend, or otherwise modify their separate and
additional affirmative defenses as they deem appropriate based upon information
discovered during litigation of this matter.

## NOVA'S COUNTERCLAIM AGAINST PLAINTIFF

COUNT ONE
(Breach of Contract/Indemnity)

43. This Court has jurisdiction and venue in this action pursuant to 28 U.S.C. §1367. The
counterclaim involves the same parties as the Complaint and arises from the same case
and controversy.

44. As set forth in Paragraph 20, *supra*, Nova and Plaintiff entered into a written P.O.
whereby Plaintiff agreed furnish certain materials for the construction of portions of the
Project in strict conformance with the Contract Documents.

45. Nova fully performed all of the terms and conditions of the P.O. and all conditions
precedent on its part to be performed or has otherwise been excused from the same.

46. Plaintiff breached the P.O. by:

   a) Failing to provide all materials in accordance with the plans,
      specifications, and the P.O.;

   b) Failure to meet or maintain the construction schedule; and

   c) Failing to indemnify Nova for damages suffered as a result of Plaintiff's
      late, incomplete or inaccurate compliance with the terms of the P.O.

47. As a result of Plaintiff's breach of the P.O., Nova has been damaged in an amount to be
proven at trial, together with interest thereon at the highest rate allowed by law from the
date due until the date paid.



EXHIBIT A
PAGE 20 OF 22

48. Pursuant to the terms of the P.O., Nova is also entitled to recover its reasonable attorney fees, accounting fees, and court costs.

49. The Project is ongoing, and final payment has not been tendered by the Corps. Nova reserves its right to amend its counterclaim to incorporate additional sums resulting from backcharges made by the Corps for defects, and deficiencies attributed to Plaintiff.

COUNT TWO
(Breach of Warranty)

50. Nova re-alleges paragraphs 43, 44, 45 and 46 as if fully set forth herein.

51. Plaintiff expressly warranted and represented to Nova that all articles, materials and/or equipment ordered by Nova from Plaintiff would meet and conform to the plans and specifications of the Contract, including all amendments, drawings, conditions and addenda and modifications to thereto.

52. Plaintiff expressly warranted and represented to Nova that any defective item which fails to comply with the Contract specifications may, at Plaintiff's risk and expense, either be returned to Plaintiff or disposed of by Nova for Plaintiff's account without prejudice to Plaintiff's claim for damage or loss under the P.O.

53. The Corps alleges that some or all of the articles, materials and/or equipment ordered by Nova from Plaintiff fail to meet and conform to the plans and specifications of the Contract, including all amendments, drawings, conditions and addenda and modifications thereto. To the extent the Corps is correct, Plaintiff has breached its warranty.

54. Plaintiff failed and refused to replace those articles, materials and/or equipment rejected by the Corps, and as such has further breached its express warranty.



EXHIBIT A
PAGE 21 OF 22

55. As a result of Plaintiff's breaches of its warranties and representations, Nova has been damaged in an amount to be proven at trial, together with interest thereon at the highest rate allowed by law from the date due until the date paid.

56. Pursuant to the terms of the P.O., Nova is also entitled to recover its reasonable attorney fees, accounting fees, and court costs.

## PRAYER FOR RELIEF

Wherefore, having fully answered Plaintiff's Complaint, Defendants pray for the following relief:

A. Dismissal of Plaintiff's Complaint with prejudice;

B. An award of damages to Nova against Plaintiff in an amount to be proven at trial;

C. An award of attorney fees, accounting costs, and court costs incurred by Defendants in defense of Plaintiff's claims and in prosecution of all counterclaims;

D. An award of pre and post-judgment interest at the highest rate allowed by law on all amounts awarded to Nova; and

E. For such other relief as this Court deems just and proper.

DATED:          December 13, 2018

SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP

/s/ Dan Gragg
Dan Gragg, OSB 96066
gragg@seifer-yeats.com
Andrew MacKendrick, OSB 141022
amm@seifer-yeats.com
Seifer, Yeats, Zwierzynski & Gragg, LLP
121 SW Morrison St., Suite 1025
Portland, OR 97204
Telephone: 503-224-6740
Facsimile: 503-223-9564
*Of Attorneys for Defendants*

EXHIBIT A
PAGE 22 OF 22

Exhibit B
Page 8 of 8