Dan Gragg, OSB 96066
Andrew MacKendrick, OSB 141022
Seifer, Yeats, Zwierzynski & Gragg, LLP
121 SW Morrison Street, Suite 1025
Portland, OR 97204
Email: gragg@seifer-yeats.com
    amm@seifer-yeats.com
Telephone: (503) 223-6740
Facsimile: (503) 223-9564

Attorneys For Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC., a Delaware corporation, dba CED POWER, <br><br> Plaintiff, <br><br> vs. <br><br> NOVA GROUP, INC., a California corporation; FEDERAL INSURANCE COMPANY, an Indiana corporation; and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation, <br><br> Defendants. | Case No. 3:18-cv-01905-SB <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS TO BRING IN THIRD PARTIES OR TO DISMISS COUNTERCLAIMS** |

Defendants Nova Group, Inc. ("Nova"), Federal Insurance Company, and Liberty Mutual

Insurance Company (collectively "Defendants"), through undersigned counsel, submit this

response to Plaintiff's Motions to Bring in Third Parties or to Dismiss Counterclaims.

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS
TO BRING IN THIRD PARTIES OR TO DISMISS
COUNTERCLAIMS

Page 1 of 5

SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP
121 SW MORRISON, SUITE 1025
PORTLAND, OREGON 97204
(503) 223-6740
FAX (503) 223-9564

Defendants have no objection to Plaintiff's Motion to Bring in Third Parties. However, Plaintiff's Motion to Dismiss Counterclaims should be denied because Plaintiff has failed to offer any evidence why the absent parties prevent the Court from according complete relief as between Plaintiff and Nova, and the absent parties are not parties to the contract giving rise to this matter, and therefore, are not necessary, much less indispensable, parties pursuant to FRCP 19.

**A.      Plaintiff Failed to Meet its Burden of Persuasion and the Court Can Accord Complete Relief Among the Current Parties**

The application of FRCP 19 entails a practical two-step inquiry: First, a court determines whether an absent party should be joined as a "necessary party" under subsection (a). Second, if the court concludes that a nonparty is necessary and cannot be joined for practical or jurisdictional reasons, it must then determine under subsection (b) whether in "equity and good conscience" the action should be dismissed because the nonparty is "indispensable". *Virginia Sur. Co. v. Northrop Grumman Corp.,* 144 F.3d 1243, 1247 (9th Cir. 1998). The moving party has the burden of persuasion in arguing for dismissal. *Makah Indian Tribe v. Verity,* 910 F.2d 555, 558 (9th Cir. 1990).

Plaintiff's Motion to Dismiss Nova's counterclaims for failing to join Plaintiff's material suppliers fails to include a discussion of any of the relevant inquiries regarding whether the absent parties are necessary or indispensable. Indeed, Plaintiff does not even allege that the parties it seeks to join cannot be joined for practical or jurisdictional reasons. Instead, Plaintiff's Motion relies solely on the argument that this Court cannot accord complete relief among Plaintiff and Nova if the absent parties are not joined because they may be partially or fully liable to Plaintiff for Nova's counterclaims. In other words, Plaintiff is alleging, only, that

**SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP**
121 SW MORRISON, SUITE 1025
PORTLAND, OREGON 97204
(503) 223-6740
FAX (503) 223-9564

Nova's failure to join parties that may have some unknown obligation to indemnify Plaintiff should result in the dismissal of Nova's contractual counterclaims against Plaintiff.

However, as used in FRCP 19(a), the term "complete relief" refers only to relief between the persons already parties, and not as between a party and the absent person whose joinder is sought. *Arkwright-Boston Mfs. Mutual Ins. Co. v. City of New York,* 762 F.2d 205, 209 (2d Cir. 1985) (quoting 3A J. Moore, Moore's Federal Practice Para. 19.07-1[1], at 16-96 (2d ed. 1984)).

Here, the Court can provide complete relief to Nova and Plaintiff. The lawsuit concerns the alleged breach of the contract by and between the only parties to that contract, Nova and Plaintiff. If Plaintiff prevails, its claims will be completely resolved. If Nova prevails, the Court need only determine the proper damages due Nova pursuant to its contract with Plaintiff. According complete relief to either party does not require resolving other collateral issues associated with indemnity which Plaintiff might have against its material suppliers. Plaintiff can seek indemnity from is suppliers in this or any other action and their presence or absence in this case has no effect whatsoever on this Court's ability to afford complete relief as between Plaintiff and Nova. Additionally, Nova is not in contractual privity with Plaintiff's material suppliers, has no ability to sue them under a breach of contract theory, and therefore, has no affirmative obligation to join them.

Plaintiff failed to meet its burden of persuasion or otherwise discuss the relevant factors necessary to prevail on a motion to dismiss for failure to join a party under FRCP 19, and the court can accord complete relief among the current parties. Accordingly, Plaintiff's Motion to Dismiss should be denied.

/ / /

/ / /

**SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP**
121 SW MORRISON, SUITE 1025
PORTLAND, OREGON 97204
(503) 223-6740
FAX (503) 223-9564

**B.     Plaintiff's Material Suppliers are Not indispensable Parties, and Dismissal of Nova's Counterclaims for Failure to Join Them is Inappropriate**

A non-party to a commercial contract is not a necessary party to an adjudication of rights under that contract. *Northrop Corp. v. McDonnell Douglas Corp.,* 705 F.2d 1030, 1044 (9th Cir. 1983). When a person is not a party to the contract at issue in litigation and has no rights or obligations under that contract, even though the absent party may be obligated to abide by the result of the pending action by another contract that is not at issue, the absentee will not be regarded as an indispensable party in a suit to determine obligations under the disputed contract. *Davis Cos. v. Emerald Casino, Inc.,* 268 F.3d 477, 484 (7th Cir. 2001) (quoting Charles Wright, Arthur Miller and May Kay Dane, Federal Practice and Procedure Civil 3d, § 1613 at 197 (2001)). Where a third party is not an indispensable party under FRCP 19, claims will not be dismissed under Rule 12(b)(7) for failure to join that party. *Id.* at 481.

Plaintiff seeks to join two of its material suppliers to this litigation. However, Plaintiff's suppliers are not parties to the contract between Nova and Plaintiff that is the subject of this litigation. Plaintiff's suppliers are simply not indispensable parties pursuant to FRCP 19 or relevant case law and standards for federal practice, and dismissal of Nova's counterclaims for failure to join them is inappropriate. Accordingly, Plaintiff's Motion to Dismiss should be denied.

## CONCLUSION

Defendants have no objection to Plaintiff's Motion to Bring in Third Parties. However, Plaintiff's Motion, in the alternative, to Dismiss Nova's counterclaims for failing to join Plaintiff's material suppliers should be denied because Plaintiff has failed to meet its burden of persuasion, the court can accord complete relief among the current parties, the material suppliers

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS
TO BRING IN THIRD PARTIES OR TO DISMISS
COUNTERCLAIMS

Page 4 of 5

**SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP**
121 SW MORRISON, SUITE 1025
PORTLAND, OREGON 97204
(503) 223-6740
FAX (503) 223-9564

are not parties to the contract at dispute in this litigation, are not indispensable parties pursuant to

FRCP 19, and Defendants had no obligation to join them.

DATED:       January 17, 2019

SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP

/s/ Dan Gragg
Dan Gragg, OSB 96066
gragg@seifer-yeats.com
Andrew MacKendrick, OSB 141022
amm@seifer-yeats.com
Seifer, Yeats, Zwierzynski & Gragg, LLP
121 SW Morrison St., Suite 1025
Portland, OR  97204
Telephone:  503-224-6740
Facsimile:  503-223-9564
*Of Attorneys for Defendants*

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS
TO BRING IN THIRD PARTIES OR TO DISMISS
COUNTERCLAIMS
Page 5 of 5

SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP
121 SW MORRISON, SUITE 1025
PORTLAND, OREGON 97204
(503) 223-6740
FAX (503) 223-9564

## CERTIFICATE OF SERVICE

I hereby certify that I served a full and true copy of this Defendants' Answer, Affirmative Defenses, and Counterclaim on counsel of record as follows:

> Douglas R. Hookland
> Scott Hookland LLP
> 9185 SW Burnham
> Tigard, OR 97223
> TEL: (503) 620-4540
> FAX: (503) 620-4315

☒ by electronic means though the Court's Case Management/Electronic Case File system on the date set forth below, which will send notification of such filing to all counsel of record;

☐ by mailing a true copy thereof in a sealed, first-class postage prepaid envelope, addressed to the address shown above and deposited in the United States Mail at Portland, Oregon on the date set forth below.

☐ by causing a true copy thereof to be hand-delivered to the attorney's listed above, in person, on the date set forth below.

☐ by sending a true copy thereof via Federal Express in a sealed, prepaid envelope, addressed to the addresses shown above on the date set forth below.

☐ by faxing a true copy thereof to said attorney's facsimile number as shown above on the date set forth below.


Dated: January 17, 2019          SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP

/s/ Dan Gragg
Dan Gragg, OSB 96066
gragg@seifer-yeats.com
121 SW Morrison St., Suite 1025
Portland, OR 97204
Telephone: 503-224-6740
Facsimile: 503-223-9564
*Of Attorneys for Defendants*