**Joe R. Traylor,** OSB No. 964412
E-mail:  jrt@hartwagner.com
**Holly E. Pettit,** OSB No. 003506
E-mail:  hep@hartwagner.com
**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

<u>Of Attorneys for THE NEW IEM, LLC</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC., a Delaware corporation, dba CED POWER, <br><br> Plaintiffs, <br><br> v. <br><br> NOVA GROUP, INC., a California corporation; FEDERAL INSURANCE COMPANY, an Indiana corporation; and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation, <br><br> Defendants. | Case No. 3:18-cv-01905-SB |
| UNITED STATES OF AMERICA for the use and benefit of CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC., a Delaware corporation, dba CED POWER, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> INDUSTRIAL ELECTRIC MFG., INC., a suspended California entity; and RESOURCE ENGINEERED PRODUCTS, LLC, an Oregon limited liability company; and THE NEW IEM, LLC, a California limited liability company, <br><br> Third-Party Defendants. | **DECLARATION OF EDWARD HERMAN IN SUPPORT OF MOTION TO DISMISS THE NEW IEM, LLC OR, IN THE ALTERNATIVE, MOTION TO STAY THIRD-PARTY COMPLAINT PENDING ARBITRATION** |

Page 1 - **DECLARATION OF EDWARD HERMAN IN SUPPORT OF MOTION TO DISMISS**

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

I, Edward Herman, do hereby declare:

1. I am, and at all times relevant herein was, over the age of eighteen, and the Chief Executive Officer of The New IEM, LLC ("IEM").

2. I am authorized by IEM to execute this declaration on its behalf.

3. This declaration is submitted in support of IEM's MOTION TO DISMISS THIRD-PARTY DEFENDANT INDUSTRIAL ELECTRIC MFG., INC. OR, IN THE ALTERNATIVE, MOTION TO STAY THIRD-PARTY COMPLAINT PENDING ARBITRATION.

4. By way of this declaration I do not intend to waive any privileges, including the attorney-client and work product privileges.

5. I am familiar with IEM's various business operations, policies, and procedures, including but not limited to, customer credit, quotations for customers, invoicing to customers, and related matters. I am, as necessary, familiar with IEM's books and records as they relate to customer accounts. I am also familiar with the matter alleged in this action as they relate to IEM.

6. The matters stated herein, except as noted, are within my personal knowledge and, to the extent they are not within my personal knowledge, I am informed and believe them to be true.

7. The New IEM, LLC was formed in 2003 with the filing of Limited Liability Company Articles of Organization with the California Secretary of State. IEM is authorized and does business within the County of Alameda and State of California, and maintains a principal place of business located at 48205 Warm Springs Blvd., Fremont, California 94539. At times since December 1, 2003, IEM has done business as "Industrial Electrical Mfg". IEM is a manufacturer of electrical distribution equipment.

8. Industrial Electrical Mfg, Inc. ("IEM Corporation") was a California corporation, merged into IEM, Inc. in approximately 1999. IEM Corporation has not operated since approximately 2002. IEM Corporation is not related to IEM.

Page 2 - **DECLARATION OF EDWARD HERMAN IN SUPPORT OF MOTION TO DISMISS**

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

9. Consolidated Electrical Distributors, Inc., dba CED Power ("CED" or "CED Power") is a distributor of electrical equipment.

10. The Nova Group, Inc. ("Nova"), a general engineering contractor, was CED Power's prime contractor on the Bonneville Dam project and is believed to be a California corporation doing business from its principal place of business in Napa, California.

11. In or about March 2013, IEM received a credit reference from CED Power relating to CED Power's credit worthiness to purchase product from IEM and to pay IEM accordingly.

12. CED first ordered specialty manufactured equipment from IEM for use in the Bonneville Dam project (the "Equipment") pursuant to a purchase order dated December 19, 2014. From approximately August 2017 through February 2018, IEM delivered the Equipment, the Equipment was accepted by CED Power and by its prime contractor Nova, IEM sent invoices to CED Power for the Equipment, and IEM received payments from CED Power for the Equipment pursuant to the invoices.

13. In particular, IEM sent CED Power the following invoices, true and correct copies of which are attached (jointly) hereto as Exhibit A:

| **Invoice No.** | **Invoice Date** | **Invoice Amount** |
| --- | --- | --- |
| IF0000007391 | 8/24/2017 | $ 0.00 |
| IF0000007518 | 8/31/2017 | $781,812.50 |
| IF0000008391 | 10/31/2017 | $492,132.50 |
| IF0000008896 | 12/5/2017 | $ 55,870.00 |
| CF0000000318 | 12/13/2017 | <$79,768.00>[1] |
| IF0000009127 | 12/19/2017 | $ 0.00 |
| IF0000010165 | 2/28/2018 | $ 0.00 |

14. Pursuant to CED Power's Check No. 02100087 dated 11/01/17 in the amount of

---

[1] Adjustment to Invoice No. 1F0000007518.

Page 3 - **DECLARATION OF EDWARD HERMAN IN SUPPORT OF MOTION TO DISMISS**

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

$679,827.00 and Check No. 2280134 dated 6/07/18 in the amount of $570,992.00, both payable to "THE NEW IEM LLC", and some minor adjustments totaling approximately $772.00, CED Power paid IEM in full for the Equipment and referenced invoices.

15. True and correct copies of CED Power's checks payable to THE NEW IEM LLC are attached (jointly) hereto as Exhibit B.

16. Each of the invoices contained IEM General Terms and Conditions of Sale which, among other terms and conditions, provided for arbitration. Specifically, IEM General Terms and Conditions of Sale provides, in pertinent part, as follows:

> "**ARBITRATION**
>
> Any claim arising out of or related in any way to the purchase of goods or services by purchaser, or arising out of or related to these General Terms and Conditions, shall be submitted to binding arbitration before an arbitrator selected by the American Arbitration Association. Such arbitrator shall be knowledgeable in the construction industry, and such arbitration shall be conducted in accordance with the rules of the American Arbitration Association in Fremont, CA. The award entered by the arbitrator may be enforced in any court of competent jurisdiction in Alameda County, CA."

(Bold in original.)

17. In December 2014, CED Power requested and received a quotation from IEM relating to the purchase of equipment from IEM relating to the Bonneville Job (Quote No: 45089rev1). Said quotation specifically stated, in part, that:

> "IEM is pleased to offer the following quotation for your consideration.
> **Any order resulting from this quotation will be accepted by IEM only on the basis of IEM's General Terms and Conditions of Sale** . . ."

(Bold added.)

18. IEM would not have done business with CED Power without application of IEM General Terms and Conditions of Sale, including the provision for arbitration.

19. In/about January 2019, IEM received correspondence from CED and CED's attorney dated December 31, 2018, addressed to Industrial Electric Manufacturing, Inc., a different company than IEM and one that had not operated since approximately 2002. That

Page 4 - **DECLARATION OF EDWARD HERMAN IN SUPPORT OF MOTION TO DISMISS**

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

correspondence asserted, in part, that (1) CED had sued its prime contractor, Nova, and Nova's bond sureties for unpaid CED invoices; (2) Nova had counterclaimed against CED for un-calculated offsetting sums; and (3) CED wanted IEM Corporation to undertake CED's debt collection litigation against Nova.

20. Upon IEM's receipt of that correspondence from CED, IEM contacted Nova and was informed that Nova had no claims against IEM regarding the Equipment delivered to the Bonneville Dam project. Nova informed IEM that other equipment, identified as Filnor switches previously provided by CED, proved non-conforming and that Nova had withheld final payment from its contract with CED—all unrelated to the Equipment provided by IEM.

21. On or about February 11, 2018, CED allegedly sub-served IEM Corporation, and not IEM, with various pleadings from an action entitled *United States of America for the use and benefit of Consolidated Electrical Distributors, Inc., dba CED Power v. Nova Group, et al.*, U.S. District Court of Oregon, Case No. 3:18 ("Oregon Matter").

22. On February 15, 2018, IEM, through counsel, advised CED and its attorney, in writing, that they were suing the wrong entity, they were wrong on the facts, and they were in the wrong forum. IEM provided related details. IEM's correspondence also provided a February 20, 2019, deadline for a response. Late on February 20, 2019, CED's attorney responded by asserting, in part, that they were unable to locate documents relating to IEM.

23. I understand that on February 27, 2019, IEM, pursuant to IEM General Terms and Conditions of Sale, commenced contractual arbitration with the American Arbitration Association ("AAA") against CED Power regarding claims arising out of or related to the purchase of goods or services by CED Power and/or arising out of or related to IEM General Terms and Conditions ("AAA Matter"). I also understand that Rule 7 of the AAA Commercial Rules (Amended and Effective October 1, 2013) provides:

"R-7. Jurisdiction

**(a)** The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the

Page 5 - **DECLARATION OF EDWARD HERMAN IN SUPPORT OF MOTION TO DISMISS**

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

arbitration agreement or to the arbitrability of any claim or counterclaim.

**(b)** The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

**(c)** A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award."

(Bold in original.)

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.

Executed this 3rd day of March 2019 in Folsom, California.

_____
Edward Herman

Page 6 - **DECLARATION OF EDWARD HERMAN**

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301