**Joe R. Traylor,** OSB No. 964412
E-mail: jrt@hartwagner.com
**Holly E. Pettit,** OSB No. 003506
E-mail: hep@hartwagner.com
**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

<u>Of Attorneys for The New IEM, LLC</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC., a Delaware corporation, dba CED POWER,<br><br>Plaintiffs,<br><br>v.<br><br>NOVA GROUP, INC., a California corporation; FEDERAL INSURANCE COMPANY, an Indiana corporation; and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation,<br><br>Defendants. | Case No. 3:18-cv-01905-SB<br><br><br><br><br>**THE NEW IEM, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br><br>*Oral Argument Requested* |
| UNITED STATES OF AMERICA for the use and benefit of CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC., a Delaware corporation, dba CED POWER,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>INDUSTRIAL ELECTRIC MFG., INC., a suspended California entity; and RESOURCE ENGINEERED PRODUCTS, LLC, an Oregon limited liability company; and THE NEW IEM, LLC, a California limited liability company,<br><br>Third-Party Defendants. | |

Page 1 - **THE NEW IEM, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**HART WAGNER LLP**
**1000 SW Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

Plaintiff/Third-Party Plaintiff United States of America for the use and benefit of Consolidated Electrical Distributors, Inc. ("CED") and Third-Party Defendant The New IEM, LLC ("IEM") disagree as to whether CED's third-party claims against IEM should proceed in this action or in arbitration. IEM filed a motion to dismiss, or in the alternative, to stay CED's third-party claims against IEM, pending arbitration ("Motion to Dismiss") (ECF No. 46). The Motion to Dismiss will resolve the parties' dispute and ensure the parties proceed only in the appropriate forum.

After IEM filed the Motion to Dismiss, CED moved for entry of a temporary restraining order and preliminary injunction ("TRO Motion") enjoining third-party The New IEM, LLC ("IEM") from "instituting, filing, advancing, litigating, pursuing, facilitating, or in any way attempting to participate in arbitration" for claims raised in the current lawsuit. (ECF No. 49, pp. 1-2.) At the time the TRO Motion was filed, an arbitration action between CED and IEM, filed with the American Arbitration Association (AAA) concerning the issues raised in this lawsuit was pending in California. Subsequently, however, the AAA dismissed the arbitration action, indicating that the AAA lacked jurisdiction to proceed in the absence of written party agreement or court order. (Exhibit C to CED's Declaration in Support of Plaintiff's Response to IEM's Motion to Dismiss, p. 1) (ECF No. 56).

CED's TRO Motion is moot. There is no arbitration proceeding, at the present time and, therefore, no arbitration to enjoin. CED's request for a TRO or preliminary injunction has "lost its character as a present, live controversy of the kind that must exist if [the Court is] … to avoid advisory opinions or abstract propositions of law." *Lindguist v. Idaho State Bd. Of Corrections,* 776 F.2d 851, 853–54 (9th Cir. 1985) (quotations omitted). Entry of preliminary injunctive relief would have no effect on the parties, at this time.

CED will likely argue that it requires a TRO or preliminary injunction to prevent IEM from potentially instituting an arbitration action, some time in the future. However, the substantive legal dispute regarding the arbitrability of CED's third-party claims is already before

Page 2 - **THE NEW IEM, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**HART WAGNER LLP**
1000 SW Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

the Court as a result of IEM's Motion to Dismiss. IEM expects that dispute to be resolved by this Court, on its merits, as a result of that pending motion.

A TRO or preliminary injunction would have potential relevance to the parties only <u>before</u> the Court decides the merits of the arbitrability issue raised in the Motion to Dismiss. IEM understands that the Court is scheduling the hearing on the TRO Motion and Motion to Dismiss for the same time and will likely resolve the motions contemporaneously. A TRO and preliminary injunction that would affect the rights of the parties for zero amount of time simply does not present a justiciable controversy. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) ("A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.").

As noted by CED in its TRO Motion, p. 7, to be entitled to the preliminary relief it seeks, CED must show that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm without preliminary injunctive relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Am. Bev. Ass'n v. City & Cty. of S.F.*, 916 F.3d 749,754 (9th Cir. 2019). With regard to CED's likely success on the merits, IEM incorporates its arguments in the ongoing briefing and argument submitted and to be submitted concerning IEM's Motion to Dismiss. A separate ruling from the Court on whether CED is likely to succeed on the merits (as required to issue the requested injunctive relief), however, is wholly unnecessary when the Court is already in the process of resolving the dispute, on its merits, as a result of a Motion to Dismiss.

There is no current arbitration proceeding and no current effort to resume arbitration— other than the Motion to Dismiss pending before the Court. Under the circumstances, CED can show no potential irreparable harm in simply allowing the Court to rule on the merits in the Motion to Dismiss. CED can show no equities or public interest in having the Court issue an unnecessary TRO or preliminary injunction, in addition to the Court's ruling on the Motion to Dismiss.

Page 3 - **THE NEW IEM, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

HART WAGNER LLP
1000 SW Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

IEM asks the Court to dismiss CED's TRO Motion as moot, given the AAA's dismissal of the California arbitration and IEM's pending Motion to Dismiss.

Respectfully submitted this 19th day of April, 2019.

                        HART WAGNER LLP

By:   /s/ *Holly E. Pettit*
       Joe R. Traylor, OSB No. 964412
       Holly E. Pettit, OSB No. 003506
       Of Attorneys for Third-Party Defendant
       THE NEW IEM, LLC

Page 4 - **THE NEW IEM, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**HART WAGNER LLP**
1000 SW Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301