Douglas R. Hookland, OSB No. 872583
drh@scott-hookland.com
Bob L. O'Halloran, Jr., OSB No. 134437
bob@scott-hookland.com
Scott ◆ Hookland LLP
9185 SW Burnham
Tigard, OR 97223
P.O. Box 23414
Tigard, OR 97281-3414
(503) 620-4540

Attorneys for Use Plaintiff and Third-Party Plaintiff
Consolidated Electrical Distributors, Inc., dba CED Power

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC., a Delaware corporation, dba CED POWER,<br><br>            Plaintiff,<br><br>   vs.<br><br>NOVA GROUP, INC., a California corporation; FEDERAL INSURANCE COMPANY, an Indiana corporation; and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation,<br><br>            Defendants, | Case No. 3:18-cv-01905-SB<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

PAGE 1 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**SCOTT ◆ HOOKLAND LLP**
L A W Y E R S
Mailing Address: Post Office Box 23414, Tigard, Oregon 97281 ◆ Street Address: 9185 SW Burnham, Tigard, Oregon 97223
Telephone: 503-620-4540 ◆ Facsimile: 503-620-4315

UNITED STATES OF AMERICA for the use and benefit of CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC., a Delaware corporation, dba CED POWER,

        Third-Party Plaintiff,

vs.

INDUSTRIAL ELECTRIC MFG., INC., a suspended California entity; RESOURCE ENGINEERED PRODUCTS, LLC, an Oregon limited liability company; and THE NEW IEM, LLC, a California limited liability company,

        Third-Party Defendants.

## REPLY

Plaintiff and third-party plaintiff United States of America, for the use and benefit of Consolidated Electrical Distributors, Inc., doing business as CED Power, ("CED"), replies ("Reply") to The New IEM, LLC's ("The New IEM") Response to CED's Motion for Entry of a Temporary Restraining Order and Preliminary Injunction ("Motion"). CED's Motion is not moot, as argued by The New IEM, necessitating CED's Motion, and The New IEM's arguments fail to show why it is unlikely that CED will prevail on the merits of its argument that the parties did not agree to arbitrate disputes. In support of this Reply, CED relies on the memorandum in this Reply, the declarations and exhibits attached thereto, and the court's own file.

PAGE 2 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A TEMPORARY
             RESTRAINING ORDER AND PRELIMINARY INJUNCTION

MEMORANDUM

SUMMARY OF ARGUMENT

In addition to addressing The New IEM's mootness argument in its Response, CED addresses each of The New IEM's arguments in its Reply to its Motion to Dismiss because The New IEM incorporates those arguments into its Response. Specifically, CED's Motion should be granted because (A) it is not moot, as The New IEM's actions are capable of repetition but evading review; (B) The New IEM's arguments that CED mischaracterizes evidence or that (C) it never provided its standard terms and conditions to The New IEM ignores the text of UCC 2-207 and basic commercial practices; and for points (D) and (E), addressed together, The New IEM again ignores the text of UCC Article 2-207, and argues from the false premise that CED had to deliver its standard terms and conditions, in addition to expressly conditioning its offer or acceptance on its own terms and conditions. Instead, as argued in its Motion and its Response to The New IEM's Motion to Dismiss, UCC Article 2-207(3) applies. Accordingly, CED's Motion should be granted.

ANALYSIS

**A. CED's Motion is Not Moot Because The New IEM Will Seek to Enforce its Arbitration Clause After June 3, 2019**

Though generally not applicable, the capable-of-repetition doctrine applies where the named plaintiff can make a reasonable showing that it will again be subjected to the alleged illegality. *Los Angeles v. Lyons*, 461 US 95, 109, 103 S Ct 1660, 1669, 75 LEd2d 675, 689 (1983) (*citing DeFunis v. Odegaard*, 416 U.S. 312, 319 (1974)).

PAGE 3 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Here, The New IEM has, through counsel, informed CED that it will seek to enforce the disputed arbitration clause after June 3, 2019, should this court not issue a ruling by then. ECF 63, Ex. 1 (Joint Status Notice Ex. 1). Because CED disputes that it ever agreed to The New IEM's terms, and, for the reasons argued in its Motion and its Response to The New IEM's Motion to Dismiss, CED never agreed to those terms. *See* ECF 49 (Motion); ECF 54 (Response). The American Arbitration Association ("AAA") agreed with CED, and declined to arbitrate disputes between CED and The New IEM for lack of jurisdiction and failure to pay the appropriate filing fee, absent court order. ECF 56, Ex. 2 (O'Halloran Decl. Ex. 2). Accordingly, CED will again be subject to alleged illegality—The New IEM seeking to enforce an arbitration clause to which CED never agreed—should this court not grant CED its requested relief prior to June 3, 2019, falling squarely within the rule articulated in *Lyons* and its progeny.

CED admits that this court's ruling on The New IEM's Motion to Dismiss will likely be dispositive on CED's Motion, too. However, should the court not decide that issue at the May 24, 2019 hearing or before June 3, 2019, there is the real threat that The New IEM will institute new arbitration proceedings to enforce the arbitration clause contained in its quote to defendant Resource Engineered Products, LLC ("REP"), as noted above. CED has no reason to believe that The New IEM will not make good on its threat. As such, CED has reasonable grounds to believe that after June 3, 2019, CED will be subjected to arbitration proceedings yet again, absent a ruling from this court restraining The New IEM from doing so.

///

///

PAGE 4 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A TEMPORARY
              RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**SCOTT ◆ HOOKLAND LLP**
L A W Y E R S
Mailing Address: Post Office Box 23414, Tigard, Oregon 97281 ◆ Street Address: 9185 SW Burnham, Tigard, Oregon 97223
Telephone: 503-620-4540 ◆ Facsimile: 503-620-4315

### B. CED Accurately States Facts in its Response to The New IEM's Motion

In its Reply to its Motion to Dismiss, The New IEM contorts statements from CED and relevant documentary evidence. The New IEM asserts that its quote was made to CED, through REP as IEM's agent. ECF 65, 3 (The New IEM Reply). This belies the printed text of the quote; the quote was to REP. ECF 55, Ex. 1 (Monis Decl. Ex. 1). That The New IEM appears to have known that CED was buying IEM parts from REP at some point, and wrote that down on the quote, does not change the arms-length nature of transaction between CED and REP, or that The New IEM's quote was issued to REP. The New IEM does not assert that it has the right to control REP's sales to subsequent end users, or that it was directing REP's actions, showing that REP operated at arms-length.

More fundamentally, even if the quote was to CED, as CED has previously argued, CED's acceptance of that quote could only be through its purchase order, which was expressly conditioned on CED's own terms and conditions. *See* ECF 55 (Monis Decl.). For the reasons previously argued in its Motion and its Response to The New IEM's Motion to Dismiss, this means that UCC 2-207(3) applies.

The New IEM also asserts that its terms and conditions were printed on each invoice it provided to CED. Even if so, those terms are not expressly incorporated into each invoice, and each is marked as having one, and only one, page. ECF 55, Ex. 3 (Monis Decl. Ex. 3). CED argued so in its Response, and the documents are consistent with that argument.

///

PAGE 5 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A TEMPORARY
           RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**SCOTT ◆ HOOKLAND LLP**
L A W Y E R S
Mailing Address: Post Office Box 23414, Tigard, Oregon 97281 ◆ Street Address: 9185 SW Burnham, Tigard, Oregon 97223
Telephone: 503-620-4540 ◆ Facsimile: 503-620-4315

## C. CED's Purchase Orders Expressly Refer The New IEM to CED's Standard Terms and Conditions

The New IEM next argues that even though CED's purchase terms were sent "subject to [CED's] standard terms and conditions[,]" those terms were either only published online or do not show on their face that they were provided to The New IEM, and as such, were never provided to The New IEM, thwarting any UCC Article 2 analysis by CED. ECF 65, 4 (The New IEM Reply).

Beyond ignoring the fact CED's invoices included the terms and conditions (the document is double sided), ECF 55, Ex. 2 (Monis Decl. Ex. 2), The New IEM's argument ignores the text of both California's or Oregon's enactment of UCC 2-207(1), and, more generally, common industry practices about publishing terms of service online. Both state statutes expressly state that additional terms included in an offer are part of the contract "unless acceptance is expressly made conditional on assent to the additional or different terms." ORS 72.207(1); Cal Com. Code § 2207. CED made its purchase order "subject to [CED's] standard terms and conditions," thereby expressly conditioning its assent to any contract upon CED's terms. Nothing in statute requires those terms and conditions to be delivered to The New IEM. Additionally, courts will commonly enforce contractual terms referenced, but not provided, when forming a contract. *See Tompkins v. 23andMe, Inc.,* 834 F.3d 1019, 1022 (9th Cir. 2016) (enforcing forum selection clause, statute of limitations clause, and arbitration clause contained in terms of service published online, and not read by end users). It is not CED's position that its terms control, however. Rather, that parties commonly publish terms of service online or upon request, and reference those terms in contracts. Not providing CED's terms in hard copy does not change that CED expressly conditioned its

PAGE 6 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A TEMPORARY
　　　　　RESTRAINING ORDER AND PRELIMINARY INJUNCTION

request for goods or acceptance of The New IEM's quote on CED's terms. As such, The New IEM's arguments about the delivery of CED's terms fails.

### D. The Parties Had a Contract to the Extent That the Terms of Their Writings Agreed

The New IEM is correct in stating that CED believes that the parties had a contract to the extent that their writings agree, and based on their conduct. ECF 65, 5 (The New IEM's Reply to Motion to Dismiss). That excludes an arbitration clause. To address The New IEM's argument to the contrary, though, CED relies on and incorporates its arguments in its Response to The New IEM's Motion to Dismiss into this Reply. The analysis in that Response and CED's Motion directly addresses The New IEM's contention in section D of its Reply, warranting no further elaboration.

As for Paragraph E, The New IEM argues from the false premise that because CED's terms and conditions were not delivered to The New IEM, CED did not object to The New IEM's terms, making The New IEM's terms part of the contract. Putting aside whether or not some purchase orders did contain CED's terms, The New IEM's analysis ignores the text of each state's statutes, as previously mentioned. Each statute expressly states that additional terms included in an offer are part of the contract, "unless acceptance is expressly made conditional on assent to the additional or different terms." CED conditioned its offer or assent, however viewed, to any contract with The New IEM on CED's standard terms and conditions. The New IEM's argument fails for that reason.

### CONCLUSION

For the reasons stated in this Reply and in its Motion, Plaintiff requests that the court grant its request for a Temporary Restraining Order, and, further, order that The New IEM show cause

PAGE 7 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A TEMPORARY
　　　　　RESTRAINING ORDER AND PRELIMINARY INJUNCTION

why a preliminary injunction should not issue to enjoin any attempt to arbitrate claims raised in this suit in the future.

Dated this 3rd day of May, 2019.

    SCOTT◆HOOKLAND LLP

    /s/ Bob L. O'Halloran, Jr.
    Bob L. O'Halloran, Jr., OSB#134437
    bob@scott-hookland.com
    Douglas R. Hookland, OSB #872583
    drh@scott-hookland.com
    Of Attorneys for Use Plaintiff and Third-Party Plaintiff Consolidated Electrical Distributors, Inc., dba CED Power

PAGE 8 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**SCOTT ◆ HOOKLAND LLP**
L A W Y E R S
Mailing Address: Post Office Box 23414, Tigard, Oregon 97281 ◆ Street Address: 9185 SW Burnham, Tigard, Oregon 97223
Telephone: 503-620-4540 ◆ Facsimile: 503-620-4315