Christopher B. Marks, OSB#833911
Robert D. Scholz, OSB#773379
MacMILLAN, SCHOLZ & MARKS, P.C.
900 SW Main Street, Suite 1800
Portland, OR 97204
Phone: (503) 224-2165
Fax: (503) 224-0348
cmarks@msmlegal.com
rscholz@msmlegal.com

*Of Attorneys for Third-Party Defendant Resource Engineered Products, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC., a Delaware corporation, dba CED POWER, <br><br> Plaintiff, <br><br> v. <br><br> NOVA GROUP, INC., a California corporation; FEDERAL INSURANCE COMPANY, an Indiana corporation; and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation, <br><br> Defendants. | Case No. 3:18-cv-01905-MO <br><br> **ANSWER OF THIRD-PARTY DEFENDANT RESOURCE ENGINEERED PRODUCTS, LLC TO SECOND AMENDED THIRD-PARTY COMPLAINT** |
| UNITED STATES OF AMERICA for the use and benefit of CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC., a Delaware corporation, dba CED POWER, <br><br> Third-Party Plaintiff, <br> v. | |

Page -1-  ANSWER OF THIRD-PARTY DEFENDANT RESOURCE ENGINEERED PRODUCTS, LLC TO SECOND AMENDED THIRD-PARTY COMPLAINT

| |
|---|
| INDUSTRIAL ELECTRIC MFG, INC., a suspended California entity; RESOURCE ENGINEERED PRODUCTS, LLC, an Oregon limited liability company; and THE NEW IEM, LLC, a California limited liability company, <br><br>   Third-Party Defendants. |

In Answer to third-party plaintiff CED Power's ("CED")Second Amended Third-Party Complaint, third-party defendant Resource Engineered Products, LLC ("REP") hereby admits, denies, alleges as follows:

1. Paragraph 1 calls for a legal conclusion to which no response is required. To the extent a response is required, REP denies paragraph 1.

2. REP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 2 through 5, and 7, and therefore denies paragraphs 2 through 5, and 7.

3. REP admits paragraph 6.

4. In response to paragraph 8, REP admits that CED purchased some materials from REP, but lacks knowledge or information sufficient to form a belief about the remaining allegations contained in paragraph 8, and therefore denies the remainder of paragraph 8.

5. In response to the allegations contained in paragraph 9, REP admits that CED filed a Complaint against NOVA, but REP denies the allegations of the Complaint and Third-Party Complaint as specified in this Answer.

6. REP denies the allegations contained in paragraph 10.

7. In response to the allegations contained in paragraph 11, see responses to paragraphs 1

through 10 listed above.

8. REP denies the allegations contained in paragraph 12.

9. In response to the allegations contained in paragraph 13, see responses to paragraphs 1 through 10 listed above.

10. REP denies the allegations contained in paragraph 14.

11. In response to the allegations contained in paragraph 15, see responses to paragraphs 1 through 10 listed above.

12. REP denies the allegations contained in paragraph 16.

13. In response to the allegations contained in paragraph 17, see responses to paragraphs 1 through 10 listed above.

14. REP denies the allegations contained in paragraph 18.

15. REP denies the allegations contained in paragraphs 19 and 20.

16. The allegations contained in paragraph 21 are not directed against REP. To an extent any response is required, REP denies paragraph 21.

17. REP denies each and every remaining allegation in third-party plaintiff's Second Amended Third-Party Complaint.

## AFFIRMATIVE DEFENSES

18. Third-party plaintiff's Second Amended Third-Party Complaint fails to state a claim for indemnity, contribution, or declaratory judgment against REP.

19. Third-Party Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or laches.

20. Third-Party Plaintiff has failed to mitigate its damages, if any.

21. Third-Party Plaintiff has failed to file suit within the time limited by statute.

WHEREFORE, having fully answered the Second Amended Third-Party Complaint of CED, third-party defendant REP prays that the Third-Party Complaint be dismissed with prejudice, together with any further relief this Court deems just and proper.

Dated: May 7, 2019.    MacMILLAN, SCHOLZ & MARKS, PC

By: s/Christopher B. Marks
Christopher B. Marks, OSB#833911
cmarks@msmlegal.com
Robert D. Scholz, OSB #773379
rscholz@msmlegal.com
*Of Attorneys for Third-Party Defendant RE*

CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2019, the following documents: **ANSWER OF THIRD-PARTY DEFENDANT RESOURCE ENGINEERED PRODUCTS, LLC TO SECOND AMENDED THIRD-PARTY COMPLAINT** and **CERTIFICATE OF SERVICE** were served upon:

| | |
|---|---|
| Douglas R. Hookland<br>Scott-Hookland LLP<br>P.O. Box 23414<br>Tigard, OR 97281<br>drh@scott-hookland.com<br>*Of Attorneys for Plaintiff and Third-Party Plaintiff* | __X__ by first class mail<br>__X__ by Court's ECF program<br>____ by e-mail<br>____ by hand delivery<br>____ by facsimile<br>____ by courier |
| Dan Gragg<br>Seifer, Yeats, Zwierzynski & Gragg, LLP<br>121 SW Morrison St., Ste. 1025<br>Portland, OR 97204<br>gragg@seifer-yeats.com<br>*Of Attorneys for Defendants* | __X__ by first class mail<br>__X__ by Court's ECF program<br>____ by e-mail<br>____ by hand delivery<br>____ by facsimile<br>____ by courier |
| Holly Pettit<br>Hart Wagner, LLP<br>1000 SW Broadway, 20th Floor<br>Portland, OR 97205<br>hep@hartwagner.com<br>*Of Attorneys for Third-Party Defendant The New IEM, LLC* | __X__ by first class mail<br>__X__ by Court's ECF program<br>____ by e-mail<br>____ by hand delivery<br>____ by facsimile<br>____ by courier |

Dated: May 7, 2019.        MacMILLAN, SCHOLZ & MARKS, PC

By: s/Christopher B. Marks
Christopher B. Marks, OSB#833911
cmarks@msmlegal.com
Robert D. Scholz, OSB #773379
rscholz@msmlegal.com
*Of Attorneys for Third-Party Defendant Resource Engineered Products, LLC*

Page -5-  **CERTIFICATE OF SERVICE**